UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKEY A. BEAVER,<br><br>                      Plaintiff,<br>    v.<br><br>WESTERN STATE HOSPITAL, JONATHAN SHARRETTE, JESS JAMISON, and MARY L. JONES,<br><br>                      Defendants. | No. C11-5351 RBL/KLS<br><br>ORDER RE: PLAINTIFF'S MOTION FOR NO CONTACT ORDER |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff is presently confined at Western State Hospital in Steilacoom, Washington. Under separate Order, Plaintiff has been granted leave to proceed *in forma pauperis.* ECF No. 3. The Court is also directing service of his complaint. At the time he filed his complaint, Plaintiff also filed a "Motion for No Contact Order." ECF No. 5. Plaintiff asks the Court to "place a no contact order" between him and Jonathan Sharette. *Id.*

Plaintiff is not entitled to preliminary injunctive relief until such time as the defendants he seeks to restrain have been served with the summons and complaint. *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the

ORDER - 1

claim; it may not attempt to determine the rights of persons not before the court."). At this juncture, therefore, Plaintiff's requests for injunctive relief are premature.

In addition, under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

1)   it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2)   the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Plaintiff is advised that if he seeks relief from the court, he must set forth his requests in a pleading or motion and that he must serve copies of all pleadings and motions on all Defendants through their counsel of record pursuant to Fed.R.Civ.P. 5(b)(1). Pursuant to Fed.R.Civ.P. 5(d), Plaintiff is also required to attach and file a certificate of service stating that he has served all Defendants with the pleading and/or motion every time he files and serves a document.

Plaintiff is also advised that unless otherwise ordered by the court, all motions will be decided by the court without oral argument and parties are not to appear on the date the motion is noted unless directed by the court. CR 7(b)(4).

Accordingly, it is **ORDERED:**

1)   The Clerk shall **strike** Plaintiff's Motion for No Contact Order (ECF No. 5). Plaintiff may re-file his motion for temporary restraining order after Defendants have been properly served with the complaint and have appeared in this action, by filing a notice and serving it on the Defendants or their counsel. The motion may be scheduled on the court's calendar for the third Friday after filing and service of the motion.

ORDER - 2

2) The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this  23rd  day of May, 2011.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3