UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKEY A. BEAVER,

                Plaintiff,

    v.

WESTERN STATE HOSPITAL, JONATHAN SHARRETTE, JESS JAMIESON, and MARYLOUISE JONES,

                Defendants.

No. C11-5351 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: September 2, 2011**

Plantiff Rickey A. Beaver moves for summary judgment on his 42 U.SC. § 1983 civil rights claims. ECF No 15. Defendants Western State Hospital (WSH), Jonathan Sharette, Jess Jamieson, and Marylouise Jones oppose the motion (ECF No. 16) and move for dismissal of all claims for failure to state a claim and immunity. ECF No. 17. For the reasons set forth below, the undersigned recommends that Plaintiff's motion be denied and Defendants' motion be granted.

**FACTS**

On November 26, 2009, Mr. Beaver turned himself into the King County Regional Justice Center Jail after he violated a conditional release order. On January 7, 2010, the King County Superior Court revoked Mr. Beaver's conditional release and sent him to WSH. ECF No. 4, p. 3. On June 2, 2010, the WSH Forensic Services Risk Review Board met to consider an independent chemical dependence evaluation. The evaluation concluded that Mr. Beaver would

REPORT AND RECOMMENDATION - 1

benefit from six months of intensive inpatient treatment, followed by several months of outpatient treatment. *Id.*, p. 13. The Risk Review Board recommended that Mr. Beaver be transferred to a secure, locked treatment facility under the supervision of the Department of Corrections (DOC) for the inpatient treatment. *Id.*, pp. 13-14.

On August 19, 2010, King County Superior Court Judge Brian Gain signed an Agreed Order on Conditional Release to Inpatient Chemical Dependency Treatment Program, which states, in pertinent part:

> 11. Mr. Beaver is being conditionally released to the Pioneer Counseling Center, North facility only. This conditional release does not release Mr. Beaver into the community at large. The defendant will only be considered for conditional release into the community pursuant to RCW 10.77.150 upon his completion of chemical dependency treatment at Pioneer Center North, his return to Western State Hospital, and then by review of the Risk Review Board.

ECF No. 4, p. 22.

Mr. Beaver successfully completed 60 days of intensive treatment and returned to WSH on October 26, 2010. *Id.*, p. 4. The Risk Review Board met two months later. *Id.*

In a letter dated March 3, 2011, the Risk Review Board wrote to Judge Gain advising that it had met on December 23, 2010 and had decided to support a final discharge for Mr. Beaver. ECF No. 4, pp. 23-25. Judge Gain was also advised that the Risk Review Board sent the case to the Public Safety Review Board for further consideration. *Id.*, p. 23. In a letter dated February 8, 2011, the Public Safety Review Panel advised Dr. Jamieson that it had decided not to support the Risk Review Board's recommendation for final discharge. ECF No. 4, pp. 26-30.

Mr. Beaver claims that the March 3, 2011 letter from the Risk Review Board should have been sent to Judge Gain on December 23, 2010 or shortly thereafter and not three months later. This delay, he claims, interfered with "[his] Fourteenth Amendment due process right, [his]

REPORT AND RECOMMENDATION - 2

equal protection right, [his] Fifth Amendment liberty interest as well causing unnecessary delays which interfered with [his] being able to have a fair impartial and timely release hearing pursuant to RCW 10.77200 [sic] release procedures which directs the court having jurisdiction over [his] case to set in motion a release hearing within 45 days of receiving the report and recommendation." ECF No. 4, p. 8. Mr. Beaver seeks damages in the sum of $250,000 from each defendant "in their individual and official capacity" and "extra" compensatory and punitive damages. ECF No. 4, p. 9.

**STANDARDS OF REVIEW**

**A.    Summary Judgment**

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1023-24 (9th Cir. 2004). Summary judgment is appropriate only if, after viewing the evidence in the light most favorable to the party opposing the motion, the court determines that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir. 2001).

**B.    Motion to Dismiss**

A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the statement of claim for relief in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Big Bear Lodging Ass'n v. Snow Summit, Inc.*,

REPORT AND RECOMMENDATION - 3

182 F.3d 1096, 1101 (9th Cir. 1999). The court should dismiss pursuant to Fed. R. Civ. P. 12(b)(6) only if the court can determine to a certainty that the plaintiff cannot prove any set of facts that would entitle him to relief under the allegations in the complaint. *See Big Bear Lodging Association*, 182 F.3d at 1101. In ruling on such a motion, the court must assume all material facts contained in the complaint are true and indulge all inferences in favor of the plaintiff. *Stac Electronics Sec. Litig. v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996).

A *pro se* complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). A court, however, can dismiss at any time a complaint filed *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The court may not supply essential elements to the complaint a *pro se* plaintiff fails to allege. *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of a claim a plaintiff fails to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**DISCUSSION**

**A.     Plaintiff's § 1983 Claims**

To state a claim under 42 U.S.C. § 1983, a defendant must be a person acting under the color of state law, and his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The particular harm complained of must be scrutinized in light of the specifically enumerated rights and privileges protected by the United States Constitution. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Thus, Mr. Beaver must

REPORT AND RECOMMENDATION - 4

demonstrate that a right of constitutional significance has been violated before he is entitled to relief under 42 U.S.C. § 1983.

### 1. Liberty and Due Process Claims

Mr. Beaver alleges that his right to liberty under the Fifth Amendment and his right to due process under the Fourteenth Amendment were violated as follows: (1) Dr. Jamieson and Dr. Jones failed to arrange for an immediate Risk Review Board hearing after he returned to WSH; and (2) Defendant Sharette failed to provide the Risk Review Board's recommendation of final release immediately to the criminal court. Mr. Beaver claims that this recommendation would have triggered a release hearing under Section 10.77 of the Revised Code of Washington, and that delaying the review and withholding the results until after the Public Safety Review Board gave its opinion prevented him from obtaining a timely hearing for release. ECF No. 4 at 4-8, 16-17.

Mr. Beaver acknowledges that he was reviewed by the Risk Review Board on December 23, 2010, so his complaint is that the review occurred two months after he returned. ECF No. 4 at 6. In support of his claim that he was entitled to an immediate review, Mr. Beaver relies on the Agreed Order of Conditional Release. ECF No. 4 at 3-4, 16-22. That reliance is misplaced, however, as there is nothing contained in the plain language of the Agreed Order requiring WSH to evaluate Mr. Beaver immediately upon his return. Instead, it states that Mr. Beaver's August 19, 2010 conditional release is to Pioneer Center North only, and that a future conditional release into the community under Wash. Rev. Code 10.77.150 would only be considered by the court after he completed chemical dependency treatment at Pioneer Center North, returned to WSH, and was reviewed by the Risk Review Board. ECF No. 4 at 22. The Agreed Order of Conditional Release does not order Defendants to conduct a Risk Review Board review

REPORT AND RECOMMENDATION - 5

immediately and the Court is unaware of any authority that a decision to wait two months to do so violates any clearly established federal constitutional right.

Mr. Beaver also claims that his constitutional rights were violated after he was reviewed by the Risk Review Board because Mr. Sharrette delayed providing the Risk Review Board's recommendation to the criminal court. Included with this is a claim that Dr. Jamieson and Dr. Jones knew about Mr. Sharrette's actions, but failed to intervene. According to Mr. Beaver, this delay prevented him from having a timely release hearing under Wash. Rev. Code 10.77.200, during which the criminal court could have relied on the recommendation of the Risk Review Board (presumably without the recommendation of the Public Safety Review Panel, which had rejected the proposal that Mr. Beaver be released). However, Mr. Beaver fails to demonstrate how this delay violated a clearly established constitutional right. Moreover, Wash. Rev. Code 10.77.270(3) requires that a recommendation of the Risk Review Board be given to the Public Safety Review Panel "forty-five days prior to issuing a recommendation for release under Wash. Rev. Code 10.77.200," so that the Public Safety Review Panel can complete an independent assessment of the public safety risk entailed by the proposed release recommendation.

It is undisputed that Defendants submitted the recommendation to the Public Safety Panel for review. ECF No. 4 at 26-30. It is also undisputed that Washington statute required submission of the case to the Public Safety Review Panel before the recommendation for release could issue.

There is no evidence that Defendants prevented Mr. Beaver from petitioning for release. Although the referral process described by Mr. Beaver is one of the ways to obtain a hearing for release under Wash. Rev. Code 10.77.200, it is not the only way. Mr. Beaver always had the

REPORT AND RECOMMENDATION - 6

right to independently petition the court for release or conditional release under Wash. Rev. Code 10.77.200, regardless of any actions taken by the Defendants. Wash. Rev. Code 10.77.200(5) states that "[n]othing contained in this chapter shall prohibit the patient from petitioning the court for release or conditional release from the institution in which he or she is committed."

Regardless of any action or inaction by Defendants, Mr. Beaver was also free to petition for a writ of habeas corpus. *See* Wash. Rev. Code 10.77.200(6) ("[n]othing contained in this chapter shall prohibit the committed person from petitioning for release by writ of habeas corpus"); and Wash. Rev. Code 10.77.240 ("[n]othing in this chapter shall prohibit a person presently committed from exercising a right presently available to him or her for obtaining release from confinement, including the right to petition for a writ of habeas corpus.") However, to the extent Mr. Beaver's claims implicate the validity of his continued confinement at WSH, he would need to pursue them in a petition for a writ of habeas corpus as they are not cognizable in this § 1983 case. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Mr. Beaver has provided no specific evidence to support his allegations that Defendants participated in a denial of his constitutional rights and therefore, it is recommended that his motion for summary judgment be denied. In addition, because he is unable to state a claim for violation of his liberty or due process rights, it is recommended that Defendants' motion to dismiss on these claims be granted.

### 2. **Equal Protection Claims**

Mr. Beaver alleges that his right to equal protection under the Fourteenth Amendment was violated by the Defendants. Equal protection claims can be made under § 1983 for intentional discrimination but Mr. Beaver has not presented any evidence of discriminatory intent on behalf of the defendants. To state a claim for a violation of the Equal Protection Clause

under § 1983, Mr. Beaver must show that the defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Serrano v. Francis*, 13 345 F.3d 1071, 1082 (9th Cir. 2003).

Mr. Beaver has alleged no facts and has provided no evidence to support a claim of a violation of the Equal Protection Clause. Accordingly, his motion for summary judgment should be denied and this claim dismissed for failure to state a claim upon which relief can be granted.

### 3. Claim of Unprofessional Conduct

In his motion for summary judgment, Mr. Beaver claims for the first time that Mr. Sharrette committed unprofessional conduct in violation of Wash. Rev. Code 18.130.080 and 18 U.S.c. § 1001 by writing false and fictitious statements which prevented Mr. Beaver's release. These claims are not within the original complaint, are not verified, and should be disregarded for purposes of Mr. Beaver's motion for summary judgment. Also, as correctly noted by Defendants, Mr. Beaver fails to establish how these claims demonstrate a violation of federal constitutional law as Section 1983 does not provide a cause of action for violations of state law. *See Hydrick v. Hunter,* 500 F.3d 978, 987 (9th Cir. 2007), overruled on other grounds, *Hunter v. Hydrick,* 129 S.Ct. 2431 (2009).

## B. Eleventh Amendment Bar

Mr. Beaver seeks monetary damages only against each defendant, whom he has sued in their individual and official capacities. ECF No. 4, p. 9. Defendants seek dismissal of Plaintiffs' claims against WSH, a state hospital, and the individual defendants, who are state employees working for WSH, because they are immune from suit under the Eleventh Amendment.

The Eleventh Amendment generally bars § 1983 suits against the State and arms of the state in federal court, unless Eleventh Amendment immunity has been waived. *U.S. Const.*

REPORT AND RECOMMENDATION - 8

*Amend. XI*; 42 U.S.C. § 1983; *See Regents of the University of California v. Doe*, 519 U.S. 425, 431 (1997) (explaining Eleventh Amendment immunity extends to state and state agencies); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (explaining that Eleventh Amendment immunity extends to state officials in their official capacity). The doctrine of sovereign immunity generally prohibits damage suits against states in both state and federal court without their consent. *Independent Living Center of Southern California, Inc. v. Maxwell-Jolly*, 572 F.3d 644, 660 (9th Cir. 2009). There are only three exceptions to this general rule. First, a state may waive its Eleventh Amendment defense. *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666, 670 (1999) (citing *Clark v. Barnard*, 108 U.S. 436, 447-48 (1883). Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 80 (2000). Third, under the *Ex Parte Young* doctrine, the Eleventh Amendment does not bar a "suit against a state official when that suit seeks . . . prospective injunctive relief." *Seminole Tribe of Florida. v. Florida*, 517 U.S. 44, 73 (1996) (citing *Ex Parte: Edward T. Young*, 209 U.S. 123 (1908)). While the Eleventh Amendment does not prohibit a federal court from ordering prospective relief, retroactive relief is barred. *Edelman v. Jordan*, 415 U.S. 651, 664-67 (1974).

Mr. Beaver seeks monetary damages in the amount of $250,000 from each defendant in their individual and official capacity, as well as unspecified "extra" compensatory and punitive damages. ECF No. 4 at 9. Mr. Beaver seeks only monetary damages and has not demonstrated that the state has waived immunity. Defendant WSH is immune from suit in this Court under the Eleventh Amendment. The Eleventh Amendment does not, however, bar suit seeking damages against state officials in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358,

REPORT AND RECOMMENDATION - 9

116 L.Ed.2d 301 (1991). Therefore, Defendants' motion to dismiss Plaintiff's claims against WSH and the individual defendants in their official capacities under 42 U.S.C. § 1983 should be granted.

**C.** **Qualified Immunity**

As the undersigned finds that Mr. Beaver has failed to establish a constitutional violation, it need not reach the question of whether Defendants are entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's motion for summary judgment (ECF No. 15) be **DENIED** and Defendants' motion to dismiss (ECF No. 17) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 2, 2011**, as noted in the caption.

DATED this  11th  day of August, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10